RECKTENWALD, C.J.,
in which NAKAYAMA, J., Joins.
I join the Majority opinion with regard to the jury instruction on mutual affray, pursuant to State v. Kikuta, 125 Hawai'i 78, 95-98, 253 P.3d 639, 656-59 (2011). I joined the dissent in Kikuta and continue to question whether a trial court’s failure to instruct a jury sua sponte on mutual affray should be reversible error. However, because Kikuta is now controlling precedent with regard to charges brought under HRS § 707-712 (Assault in the Third Degree), I agree that the circuit court erred in failing to instruct the jury on mutual affray.
I respectfully dissent regarding the issue of Defendant Henley’s bail, since I do not believe that the circuit court abused its discretion by raising the cash bail from $200 to $2,000 after Henley was convicted and sentenced.
As an initial matter, Henley did not ask this court to determine whether the amount of the bail increase was an abuse of discretion. Instead, as one of his points of error in his application for certiorari and in his opening brief to the Intermediate Court of Appeals, Henley argued that HRS § 804-4 prohibited the circuit court from authorizing any increase in his bail pending appeal, regardless of the amount. He asserted that the circuit court was required to keep the bail at $200 and made no arguments regarding the amount or the cash nature of the postconviction bail.
The Majority rightfully rejects this argument, stating that “the circuit court had the authority to change the amount of bail post-conviction pursuant to its discretionary authority under HRS § 804-9.” This statement resolves Henley’s point of error concerning his bail. Accordingly, I would not have addressed whether the amount of the increase in bail from $200 to $2,000 was an abuse of discretion.
Even so, I do not believe that the circuit court abused its discretion. The State asked the circuit court to increase bail to $11,000, arguing that Henley was a flight risk. Defense counsel initially argued that bail could not be raised as a matter of law, a position which the court correctly rejected, and also argued that Henley and his father had recently moved to Hawaii and that Henley had no intention of leaving. The court indicated that Henley posed a greater risk of flight because he “is a convicted misdemeanant and the risk of flight is very high in these cases,” even if defendant were to remain in Hawaii.
Defense counsel then asked the circuit court to keep bail at $200 cash or, in the alternative, increase the bail to $2,000:
MR. LUIZ: And, Your Honor, I would ask that if—I would ask that the bail continue, the cash 200. But if the Court is going to increase it, the maximum fine in the case is $2,000.00 so no more than that because his father can post the bond today.
After giving Henley the opportunity to address the court, the circuit court sentenced him to thirty days imprisonment and set bail at “$2,000 cash only.”
The Majority argues that the circuit court set bail beyond what Henley’s father could pay, focusing on defense counsel’s use of the word “bond” and concluding that Henley’s father could only post a $2,000 bond and not a $2,000 cash bail. However, defense counsel’s comments were ambiguous, and thus it is quite possible that the court believed it was setting bail consistent with defense counsel’s request. In any case, if the circuit court misunderstood defense counsel’s statement regarding the father’s ability to pay, then defense counsel should have objected to the circuit court’s ruling and clarified his statement. No such objection was made.
For the foregoing reasons, I do not believe that the circuit court abused its discretion by increasing Henley’s cash bail from $200 to $2,000. I therefore agree with the Majority’s holding regarding the jury instruction on mu *483 tual affray, and respectfully dissent from the Majority’s conclusion regarding the amount of the post-conviction bail.